IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REUBEN SANDLER and
AARON COHEN,

        Plaintiffs,

vs.                                                                                                  Civ. No. 07-1212 JCH/CG

ESTEBAN A. AGUILAR, SR.,
AGUILAR LAW OFFICES, P.C., and
BRUCE GLASPELL,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on a *Motion by Defendants Esteban A. Aguilar, Sr. and Aguilar Law Offices, P.C. to Dismiss, and in the Alternative for More Definite Statement, and Motion for Rule 11 Sanctions against Plaintiffs and their Counsel* [Doc. no. 9], filed January 15, 2008. As grounds for the motion, Defendants argue that Plaintiffs' allegations in their complaint are deficient because they fail to state a cause of action against these Defendants and fail to advise Defendants of the underlying factual basis of the suit against them. Additionally, Defendants assert that neither Plaintiffs nor their counsel have a sufficient basis to bring the suit, and should therefore be sanctioned under Fed. R. Civ. P. 11. The Court having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is not well taken and will be DENIED in its entirety.

## BACKGROUND

On December 12, 2007, Plaintiffs filed an amended complaint against Defendants[1] and Bruce Glaspell [Doc. no. 4]. The amended complaint contains multiple claims against Defendants, including Conversion, Negligence of Bailee, Malpractice, Conspiracy to Convert Funds, and Breach of Third Party Contract. The amended complaint alleges that: 1) Plaintiffs orally agreed with Bruce Glaspell to invest in a start-up venture that Glaspell was promoting; 2) at all times relevant to the complaint, Defendants were engaged as legal counsel to Glaspell; 3) on April 25, 2006, at Glaspell's instruction, Plaintiffs wired a total of $75,000 to Defendant Aguilar Law Office's Trust Account; 4) Glaspell led Plaintiffs to believe that the money would be held by Defendants in the Trust Account until actually invested; 5) Defendants, in their representation of Glaspell, had received and held investment funds from third parties in other instances; 6) Defendants knew the wired funds were for investment purposes; 7) Defendants never confirmed receipt of the funds to Plaintiffs; 8) Defendant Aguilar, instead of holding the money for investment purposes, distributed $50,000 to Glaspell and $25,000 to himself; and 9) Defendants did not notify Plaintiffs of this dispersal or obtain approval for it.

Defendants' motion and supporting memorandum contend that Plaintiffs' complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because "the fundamental factual elements necessary for Plaintiffs to state a claim on any of their theories of recovery are missing." Doc. no. 10 at 3. Defendants claim that all of the counts alleged require either the existence of an attorney-client relationship between Defendants and Plaintiffs or knowledge by Defendant Aguilar that the funds received were for Plaintiffs' investments and were to be held in the Trust

---

[1]Throughout this Memorandum Opinion and Order, the use of the term "Defendants" refers solely to Defendants Esteban A. Aguilar, Sr. and Aguilar Law Offices, P.C. Because Defendant Bruce Glaspell is not a party to this motion, the use of the term "Defendants" does not include him.

Account pending completion of settlement instructions, and that nowhere in the complaint are specific facts that would show either contingency. Defendants complain that Plaintiffs have made mere conclusory allegations and have failed to come forward with more specific evidence to support these allegations, despite repeated requests to do so, and that this entitles them to a dismissal of the entire complaint under Rule 12(b)(6). In the alternative, Defendants contend that the Court should order Plaintiffs to submit a more definite statement of their allegations under Rule 12(e), because Plaintiffs' pleading is so vague or ambiguous that Defendants cannot reasonably be expected to frame a response. Finally, Defendants seek sanctions against Plaintiffs and their counsel under Rule 11 because they claim the allegations against Defendants are groundless and Plaintiffs have shown bad faith by failing to come forward with more evidentiary support after requests to do so.

## **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993). In considering a Rule 12(b)(6) motion, a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991), *cert. denied*, 504 U.S. 912 (1992); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to develop and offer evidence to support

his or her claim.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that [the plaintiff] has not alleged or that the defendants have violated the . . . laws in ways that [the plaintiff has not] alleged."  *See Associated Gen. Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).  The rules also do not require a court to accept legal conclusions or unwarranted inferences.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

## DISCUSSION

Defendants' motion does not meet the standard for dismissal under Rule 12(b)(6), an order for a more definite statement under Rule 12(e), or sanctions under Rule 11.  Defendants' contentions regarding the sufficiency of Plaintiffs' complaint appear to result from both a misreading of the complaint and a misunderstanding of the concept of notice pleading.  Defendants argue that Plaintiffs failed to come forward with evidence of a claimed attorney-client relationship with the Defendants and failed to sufficiently plead knowledge by Defendants concerning the purpose for which the $75,000 was transferred.  Defendants insist that "the Amended Complaint has been, and continues to be devoid of any specific reference to evidence that would support Plaintiffs' allegations." Doc. no. 10 at 2.

    A.    <u>Attorney-Client Relationship</u>

With respect to the claim of insufficient evidence of a claimed attorney-client relationship between Plaintiffs and Defendants, Plaintiffs never alleged such a relationship in their complaint, nor do they appear to rely upon such a relationship as the basis for any of their causes of action. Further, Defendants have not identified any legal theory indicating why such a relationship would be necessary to support the complaint's allegations.  In fact, Rule 16-115 of the New Mexico

4

Rules of Professional Conduct, which governs safekeeping of property by attorneys, specifically addresses lawyers' duties when holding the property of clients *or third persons*.  Under these rules of professional conduct, attorneys holding funds of clients *or third persons* in connection with a representation must notify the client or third person to whom the funds belong promptly upon receipt of the funds and must keep complete records of the account funds for five years after termination of the representation that led to the funds being held.  New Mexico Rules of Professional Conduct Rule 16-115 (A) and (B).  Plaintiffs allege that, as part of their representation of Glaspell, Defendants received and held investment funds from Plaintiffs.  This allegation, if true, is sufficient to create duties on the part of Defendants, which Plaintiffs allege were violated.  No attorney-client relationship between Plaintiffs and Defendants was necessary to create this duty; therefore Plaintiffs' lack of allegation of such a relationship does not affect the validity of their complaint.

      B.      <u>Specificity of the Complaint</u>

Defendants also contend that this case should be dismissed because Plaintiffs' allegation that Defendant Aguilar knew that the $75,000 transferred to the Aguilar Law Office Trust Account was for Plaintiffs' investment purposes is both factually incorrect and insufficiently specific.  In support of this motion to dismiss, Defendant Aguilar adamantly denies that he knew that the funds were for Plaintiffs' investment purposes.  The place for such a denial is an answer to the complaint; it serves no purpose in a motion to dismiss where the opposing parties' allegations must be accepted as true.

Defendants' assertion that Plaintiffs' complaint contains only "mere conclusory allegations" that are insufficient to state a complaint or to enable a response is incorrect.  To the contrary, the complaint offers clear and concrete allegations of Defendants' wrongdoing,

including that Defendants held the funds in connection with their representation of Glaspell, that Defendants knew that the purpose of the funds was for investment, and that Defendants converted $25,000 of the money for their own purposes.  This appears to be precisely the type of "short and plain statement of the claim" contemplated by Fed. R. Civ. P. 8(a)(2).  It places Defendants "on notice as to the type of claim alleged and the grounds on which it rests, thereby enabling [Defendants] to prepare a responsive pleading." *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1388 (10th Cir. 1980).  The Defendants have sufficient information to either admit or deny Plaintiffs' allegations in a response.  Because the complaint is neither vague nor ambiguous, a more definitive statement is not required.

      C.      Sufficiency of Evidence

Finally, Defendants' contention that the Plaintiffs have a duty, at this stage, to come forward with specific evidence that would support their factual allegations is likewise misguided.  In arguing for Rule 11 sanctions against Plaintiffs, Defendants state that "[t]he lack of evidentiary support for the allegations against Aguilar are susceptible to but one interpretation - the claims in the Amended Complaint are groundless."  Doc. no. 10 at 5.  The time for developing evidence to support claims and coming forward with it is during the discovery process.  Before that time, if a plaintiff has alleged facts in a complaint that, taken as true, sufficiently state bases for the causes of action, a motion to dismiss must be denied.  As discussed above, Plaintiffs allege that Defendants knew that the $75,000 wired to Defendants' trust account was for investment purposes, that Defendants failed to follow specific rules with regard to the safekeeping of the funds, and that Defendants converted $25,000 of the funds to their own use.  These are concrete factual allegations that, if proven, could create a basis for Plaintiffs' recovery.  That is all that Plaintiffs need to come forward with at this point.  The Court sees no basis for sanctions against

Plaintiffs for filing a complaint that states a claim upon which relief can be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' *Motion to Dismiss, and in the Alternative for More Definite Statement, and Motion for Rule 11 Sanctions against Plaintiffs and their Counsel* [Doc. no. 9] is DENIED.

_____

**UNITED STATES DISTRICT JUDGE**